IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BILLY EARL AKINS, # 168245**　　　　　　　　　　　　　　　　**PLAINTIFF**

**VERSUS**　　　　　　　　　　　　　　　　**CAUSE NO. 1:21CV115-LG-JCG**

**JACKSON COUNTY ADULT
DETENTION CENTER, SHERIFF
MIKE EZELL, MITCHELL
MCMILLIAN, and TYRONE NELSON**　　　　　　　　　　　　**DEFENDANTS**

### MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This case is before the Court *sua sponte*. *Pro se* Plaintiff Billy Earl Akins is incarcerated with the Mississippi Department of Corrections, and he challenges the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendant Jackson County Adult Detention Center is dismissed.

### FACTS AND PROCEDURAL HISTORY

Akins filed this action on April 7, 2021. He is incarcerated with MDOC, having been convicted on February 18, 2021. However, he is housed at the Jackson County Adult Detention Center, where he has been since December 17, 2020. Defendants include the jail, Jackson County Sheriff Mike Ezell, and his employees Lieutenant Mitchell McMillian and Captain Tyrone Nelson.

Akins claims that the lights in the jail were kept on continuously since his arrival until about the beginning of May, 2021. As a result, he alleges that he could not sleep during this time and had headaches, for which he was not given

relief. He contends that "everyone knew" of the lighting situation, which allegedly predated his arrival by thirty-eight days, and that he complained to floor deputies and all supervisors, to no avail. (Compl. at 5, 11).

Plaintiff filed this action under § 1983, seeking damages. He asserts claims for cruel and unusual punishment and violation of due process.

## DISCUSSION

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides in pertinent part that, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Akins to

2

proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Among others, Akins sues the jail. Its capacity to be sued is determined according to Mississippi law. Fed. R. Civ. P. 17(b)(3). Under Mississippi law, a county jail is not a separate legal entity which may be sued; rather, it is an extension of the county. *Tuesno v. Jackson*, No. 5:08cv302-DCB-JMR, 2009 U.S. Dist. LEXIS 61416 at *2-3 (S.D. Miss. Apr. 30, 2009). *See also Brown v. Thompson*, 927 So. 2d 733, 737 (¶12) (Miss. 2006) (sheriff's department). Therefore, the Jackson County Adult Detention Center will be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the foregoing reasons, the claims against Defendant Jackson County Adult Detention Center is **DISMISSED WITH PREJUDICE** as frivolous. The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED** this the 9th day of June, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE