IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BILLY EARL AKINS**                                                 **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 1:21-cv-00115-BWR**

**MIKE EZELL, Sheriff, et al.**                                   **DEFENDANTS**

<u>**ORDER OF DISMISSAL WITHOUT PREJUDICE**</u>

This matter is before the Court *sua sponte*. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

## I.   BACKGROUND

On April 7, 2021, *pro se* Plaintiff Billy Earl Akins filed this civil action under 42 U.S.C. § 1983 challenging the conditions of his confinement at the Jackson County Adult Detention Center ("Jackson County ADC"). Compl. [1] at 2-5. He sued Jackson County ADC, Sheriff Mike Ezell, Lieutenant Mitchell McMillian, and Captain Tyrone Nelson. Compl. [1] at 2-3. The Court permitted Akins to proceed *in forma pauperis*, Order [7], so this civil action was screened under 28 U.S.C. § 1915, *et seq.*[1] During that time, Akins was warned repeatedly that it is his responsibility to prosecute this case, including notifying the Court about a change of address and timely complying with Court orders. *E.g.*, Order [3] at 2; Order [4] at 2; Order Setting Payment

---

[1] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (A) the allegation of poverty is untrue; or (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Schedule [7] at 3; Order Requiring Plaintiff to Respond [8] at 1; Order to Sign [10] at 1; Order [13] at 2.

The Court *sua sponte* dismissed Jackson County ADC as a Defendant because "a county jail is not a separate legal entity which may be sued." Order [12] at 3. The Court allowed the case to move forward with respect to the remaining Defendants—Ezell, McMillian, and Nelson. Order [13]. Once they answered [26], the parties appeared before the Court for an omnibus hearing on March 3, 2022. At that time, Akins voluntarily dismissed Defendant McMillian, and the Court established certain case-management deadlines.

On April 13, 2022, Defendants Ezell and Nelson filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. Motion [36]; Supporting Memorandum [37]. The next day, the Court ordered Akins "to file a response to [Defendants'] Motion and show cause why this case should not be dismissed because he did not exhaust inmate administrative grievance procedures." Order [38] at 1. The Court fixed Akins's responsive deadline on May 16, 2022. Order [38] at 1. That Order [38] was mailed to Akins at his last-known mailing address, and it was returned to the Court as undeliverable in an envelope marked by the postal service as "refused." Envelope [39]. Defendants also notified the Court that a service copy of their Motion [36] had been returned to them as undeliverable in an envelope marked by the postal service as "refused." Notice [40]; Envelope [40-1]. Akins did not comply with the May 16 deadline.

2

On September 7, 2022, the Court ordered Akins to show cause why this case should not be dismissed for his failure to comply.  Order [42].  The Court extended Akins's responsive deadline to September 21, 2022, and warned him "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address may lead to dismissal of [his] Complaint."  Order [42] at 2.  The Order to Show Cause [42] was mailed to Akins at his last-known address, along with copies of Defendants' Motion [36], Supporting Memorandum [37], and the Order [38] establishing his May 16 deadline.  This mailing was not returned to the Court as undeliverable.  Akins did not respond by the September 21 deadline.

From an abundance of caution, the Court entered a Second and Final Order to Show Cause [43] on September 23, 2022, directing Akins to file a written response to "explain why this case should not be dismissed for failure to communicate with the court and comply with the Court's Orders [38] [42]."  Order [43] at 2.  Akins was given until October 7, 2022, to respond, and he was warned again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . *will result* in this lawsuit being dismissed without prejudice and without further notice to [him]."  Order [43] at 3.  Akins was cautioned that this was his "final opportunity to comply with the Court's Orders [38] [42]."  Order [43] at 3.  The Second and Final Order to Show Cause [43] was mailed to Akins at his last-known address, along with copies of Defendants' Motion [36], Supporting Memorandum [37], the Order [38] establishing his May 16 deadline, and the first Order to Show Cause [42].

That mailing was not returned to the Court as undeliverable. Akins did not respond by the October 7 deadline.

To date, Akins has not responded to the Court's April 14, September 7, or September 23 Orders [38] [42] [43] or otherwise contacted the Court about his case. He has not taken any action in this case since March 3, 2022, when he appeared before the Court for an omnibus hearing.

## II.   DISCUSSION

The Court may dismiss an action *sua sponte* for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming *sua sponte* dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

Akins did not comply with three Court Orders [38] [42] [43], after being warned nine times that failing to do so may lead to the dismissal of his case. *E.g.*, Order [3] at 2; Order [4] at 2; Order Setting Payment Schedule [7] at 3; Order Requiring Plaintiff to Respond [8] at 1; Order to Sign [10] at 1; Order [13] at 2; Order Setting

Omnibus Hearing [31] at 3; Order to Show Cause [42] at 2; Second and Final Order to Show Cause [43] at 3. Despite these warnings, Akins has not contacted the Court or taken any action in this case since March 3, 2022. That inaction includes his failure to advise the Court of his current address—though he was advised on more than one occasion that it is his responsibility to do so, and he demonstrated his understanding of this directive by updating his address three times before. *See* Notice [22], Notice [25], Notice [28]. Given his clear record of delay and contumacious conduct, it is apparent that Akins no longer wishes to pursue this lawsuit.

Moreover, the statute of limitations on Akins's claims has not expired. *See Showers v. City of Bay St. Louis*, No. 1:19-cv-00323-TBM-RPM, 2022 WL 989149, at *2 (S.D. Miss. Mar. 31, 2022) ("The statute of limitations for Section 1983 claims in Mississippi is three years.") (citation, quotation marks, and brackets omitted). Under these circumstances, dismissal without prejudice is warranted.

## III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this 12th day of October, 2022.

s/ *Bradley W. Rath*

HONORABLE BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE

5